defendant, from judgment of C. P. Carbon Co., June T., 1906, No. 23, on verdict for plaintiff in case of Adam A. Green v. The Central Railroad Company of New Jersey. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover for stone and earth alleged to have been wrongfully taken from plaintiff's land. Before HEYDT, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $2,760. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Laird H. Barber*, with him *Frederick Bertolette* and *Jackson E. Reynolds*, for appellant.

*E. O. Nothstein*, with him *Wm. G. Freyman*, for appellee.

PER CURIAM, April 12, 1909:

This action was to recover the value of stone and earth taken from the surface of the plaintiff's land by the defendant for use in repairing its roadbed. The dispute at the trial was whether the materials had been taken without authority or under a standing verbal agreement between the parties, by which the defendant was allowed to take all the stone it might need at a fixed price for each year. The issue was purely one of fact and we find no error in its submission.

The judgment is affirmed.

———————

# McGinley, Appellant, *v.* Lehigh Coal & Navigation Company.

*Negligence—Railroads—Mining company—Foreign cars—Sidings—Nonsuit.*

1. The rule which requires railroad companies to inspect cars received from other companies and to see that they are in good and safe condition for their employees to handle, does not apply to a mining company on whose sidings loaded cars are delivered for the purpose of being unloaded.

2. If a mining company has no notice, actual or constructive, of the defective condition of a car on its siding, it is not liable in damages to a trainman injured by the defective condition of the car, while it is being moved on the siding by the company preparatory to the unloading of its freight.

Argued March 8, 1909. Appeal, No. 278, Jan. T., 1909, by plaintiff, from order of C. P. Carbon Co., Jan. T., 1906, No. 27, refusing to take off nonsuit in case of John McGinley v. The Lehigh Coal and Navigation Company. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, HEYDT, P. J., filing the following opinion:

John McGinley, the plaintiff, was employed as a brakeman by the Lehigh Coal and Navigation Company. The plaintiff's statement contains, inter alia, the following averment: "That at the time of the grievances hereinafter set forth the defendant was a corporation, engaged in mining coal and for such purposes in possession and use of certain premises in the said county of Carbon, upon which premises were laid railroad tracks used by said defendant in its business of coal mining and upon which tracks the said defendant company ran a locomotive and cars owned by it for the purpose of conveying material to its mines and coal from its premises." On December 19, 1903, the Central Railroad Company of New Jersey had delivered two car-loads of prop timber consigned to the Lehigh Coal and Navigation Company upon the tracks of the Central Railroad of New Jersey, at Hauto, the usual place of delivery. The crew upon which John McGinley was working drew these two cars loaded with prop timber out of the siding of the Central Railroad Company of New Jersey and "kicked" them into a blind siding of the Lehigh Coal and Navigation Company in its yard at Hauto whence they were to be taken to the mines and used by the defendant in its mining operations.

John McGinley was on one of these cars (No. 37,144 Central

Railroad of New Jersey) and when he applied the brake, the brake gave way, he fell from the car and the car passed over him cutting off both his legs. The brake chain on said car had been broken and had been tied with wire and when McGinley applied the brake the wire gave way and the brake refused to hold.

The negligence of the defendant, as alleged by the plaintiff, consists in a failure to provide an inspection of the cars before moving them. The question thus resolves itself into whether or not the defendant was bound under the facts as they appear in this case to provide inspection. If the defendant was bound to have this car inspected before moving it and failed to do so then it was negligent; if on the other hand it was not bound to do so then the failure to provide inspection would not be negligence and the nonsuit was properly entered.

The syllabus in the case of McMullen v. Carnegie Bros. & Co., 158 Pa. 518, is: "The rule which requires railroad companies to inspect cars received from other companies and to see that they are in good and safe condition for their employees to handle does not apply to companies or persons on whose sidings loaded cars are delivered for the purpose of permitting the owner of the siding to unload the freight even though the sidings of such person or company may be extensive in number and great in length."

The facts in that case are strikingly like the facts in the case at bar as will appear by a comparison thereof. That case was cited with approval in Rehm v. Penna. R. R. Co., 164 Pa. 91, and rules the case at bar.

Under the facts in this case the defendant was not bound to inspect the car before moving it. There being no legal duty on the part of the defendant to furnish inspection, a failure on its part to do so does not constitute negligence.

There is no merit in the argument that the defendant was "engaged in the business of conducting a railroad." There is no evidence in the case that the defendant is a common carrier and so far as we are advised it is not a fact.

The employment in which the plaintiff was engaged at the time he was injured was simply the handling of a foreign car

on the siding of the defendant. The defendant was not moving this car as a common carrier, handling a foreign car, but simply in pursuit of its private business moving said car preparatory to unloading its freight. There is no evidence that the defendant had actual notice of the defective brake chain and since the accident happened only about twenty minutes or one-half hour after the car came into its possession the time was too short to affect it with constructive notice.

*Error assigned* was refusal to take off nonsuit.

*J. O. Ulrich,* with him *L. C. Scott,* for appellant.

*Geo. M. Roads,* with him *Frederick Bertolette* and *William Jay Turner,* for appellee.

PER CURIAM, April 12, 1909:

The judgment is affirmed on the opinion of the learned judge of the common pleas.

---

# Smith *v.* Coffman, Appellant.

*Will—Life estate—Fee simple estate on a contingency—Devise—Provision for widow.*

Testator directed as follows: "I give unto my wife and son W. the old homestead. The widow to remain on the farm as long as she remains my widow. W. to provide and care for the widow as long as she lives. If the widow should marry again she will be debarred from having a home with W. Every thing that remains on the farm, at my death is to stay on the farm, W. always to keep two cows for the widow. If W. should marry and if they could not agree W. should build himself a new house, and to live in the same. If W. should die before the widow, and not being married at the widow's death, the whole property to fall back again to my two sons and two daughters, and if W. outlives the widow, the whole of the property is his at her death." W. died unmarried before testator's widow. *Held,* that W. took only a life estate under the will, subject to be enlarged to a fee simple estate if he survived the widow.